## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BILL MAX OVERTON,                              Case No. 1:11-cv-158
    Plaintiff                              Spiegel, J.
                                            Litkovitz, M.J.

    vs

UNITED STATES OF AMERICA,                      **REPORT AND**
    Defendant                              **RECOMMENDATION**

On October 22, 2012, the Court ordered plaintiff to show cause, in writing, why he has not violated Federal Rule of Civil Procedure 11(b) and why sanctions should not be imposed against him for repeatedly filing frivolous post-judgment motions. *See* Fed. R. Civ. P. 11(c)(1)(B). (Doc. 17). This matter is before the Court on plaintiff's response to the Court's Show Cause Order. (Doc. 19).

For the reasons that follow, the undersigned recommends that the Court impose sanctions against plaintiff pursuant to Rule 11 and order that plaintiff be prohibited from filing any further motions or papers in this case, except for a notice of appeal to the Sixth Circuit Court of Appeals if he wishes to obtain review of the Orders of this Court, unless such motions or papers are first certified as non-frivolous by an attorney.

Pursuant to Fed. R. Civ. R. 11(a), a pro se litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. Such signature constitutes a certificate by the pro se litigant that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," such pleading, motion, or paper "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein

are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1), (2). The Court may impose appropriate sanctions against a pro se litigant for his violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, 48 F.3d 1219 (6th Cir. 1995)(unpublished), 1995 W.L. 89003, at * 2 (Rule 11 does not provide a different standard for attorneys and non-attorneys). *See also Doyle v. United States*, 817 F.2d 1235 (5th Cir. 1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

In determining the propriety of Rule 11 sanctions, the Court should consider the party's ability to pay, the degree of bad faith or want of diligence, the costs resulting from the party's inappropriate conduct, mitigating conduct, if any, and that amount necessary and effective to bring about deterrence under all the particular circumstances. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419-20 (6th Cir. 1992). Deterrence is the paramount objective of Rule 11. *Id.*

Assessing these factors, the Court finds the degree of bad faith on the part of plaintiff to be significant. On April 13, 2011, plaintiff's motion to proceed *in forma pauperis* was denied and plaintiff was granted thirty days to either pay the required filing fee of $350.00 or to submit an affidavit showing that his income, assets and debts are such that he is unable to provide

2

himself and his family with the necessities of life and still have sufficient funds to pay the full

filing fee. (Doc. 7). Plaintiff was notified that his failure to pay the filing fee or to submit the

required affidavit within those thirty days would result in plaintiff's case being closed. *Id.*

Plaintiff failed to timely comply with the Court's Order and on May 17, 2011, the Court

closed and terminated plaintiff's case on the docket of the Court. (Doc. 11).

Plaintiff appealed and on August 18, 2011, the United States Court of Appeals for the

Sixth Circuit entered an Order dismissing plaintiff's appeal of the District Court's decision for

want of prosecution. (Doc. 14).

Similar to his actions in *Overton v. USA*, Case No. 1:11-cv-591 (S.D. Ohio), plaintiff has

continued to file motions in this case (*see* Docs. 15, 16) over which this Court has no

jurisdiction. In view of this Court's Order dismissing plaintiff's case (Doc. 11) and the Order of

the Sixth Circuit Court of Appeals dismissing plaintiff's appeal (Doc. 14), this Court lacks any

basis upon which to consider the motions of the nature submitted by plaintiff. *See* Fed. R. Civ.

P. 59, 60.

Plaintiff is well-aware from his actions and this Court's rulings in *Overton v. USA*, Case

No. 1:11-cv-591 (S.D. Ohio), a case which presented circumstances virtually identical to those in

the instant case, that the filing of post-judgment, post-appeal motions is inappropriate and

consumes valuable time of the Court. A pro se litigant may not flagrantly ignore relevant

procedural or substantive rules of law. The post-judgment motions filed by plaintiff are

frivolous. They are not based on a plausible view of the law and, because of their nature, appear

to be filed for purposes of harassment or to cause unnecessary delay and expense to this Court in

the resolution of its other cases.

3

Plaintiff's response to the Court's show cause order fails to set forth any rational justification for his filing of frivolous post-judgment motions. Plaintiff does not address the basis for the show cause order, but instead argues that he is entitled to default judgment because the defendant was "properly served" and failed to answer. Plaintiff is incorrect. Plaintiff's complaint was never properly filed, and therefore never served on defendant, as plaintiff failed to pay the required filing fee of $350.00 or submit an affidavit with the required income and debt information in support of his *in forma pauperis* motion. Plaintiff's complete disregard of the Court's orders and his failure to demonstrate any valid reason for such filings amounts to bad faith in this matter.

In addition, the cost of plaintiff's actions to the Court in this and its other cases is high. Plaintiff's frivolous post-judgment motions have wasted this Court's limited resources, delayed the Court's resolution of other cases, and deprived other litigant's claims the prompt attention to which they are entitled. As the Supreme Court has noted, "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989). Plaintiff's persistence in filing frivolous post-judgment motions, even after the Court's repeated Orders in *Overton v. USA*, Case No. 1:11-cv-591 (S.D. Ohio) to the contrary, has caused an unnecessary drain on this Court's resources and constitutes an abuse of the judicial process. The court has the inherent power to prevent the abuse of its procedure, which includes the imposition of sanctions.

Rule 11 authorizes sanctions of a nonmonetary nature. *Kratage v. Charter Township of*

4

*Commerce*, 926 F. Supp. 102, 105 (E.D. Mich. 1996). Courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997) (unpublished), 1997 W.L. 321112. The Court finds that a similar sanction is appropriate in this case "to deter repetition of such conduct" by plaintiff. Fed. R. Civ. P. 11(c)(2).

**IT IS THEREFORE RECOMMENDED** that plaintiff be prohibited from filing any further motions or papers in this case, unless such motions or papers are first certified as non-frivolous by an attorney. The Clerk of the Court should be specifically **DIRECTED** not to accept any motions or papers presented by plaintiff in this action unless such motions or papers are first certified as non-frivolous by an attorney. The above recommendation does not apply to any notice of appeal to the Sixth Circuit Court of Appeals plaintiff wishes to file to obtain review of any Order imposing sanctions. This recommendation is not intended to place any limitation upon plaintiff's ability to pursue litigation in the United States District Courts or in the courts of any state except in the particular action now before the Court. Nor is this recommendation intended to prohibit plaintiff from filing any new lawsuits that have a legitimate basis and comply with Fed. R. Civ. P. 11(b) after payment of the appropriate filing fee.

Date: 11/13/12

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BILL MAX OVERTON,
    Plaintiff

    vs

UNITED STATES OF AMERICA,
    Defendant

Case No. 1:11-cv-158
Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bill Max Overton
PO Box 1003
Oklahoma City, OK 73008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 3150 0000 8389 9449

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540